UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMY SUE MARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 1:17cv113 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) as provided for in the Social Security Act. 42 U.S.C. §1383. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since June 30, 2012, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: lumbar degenerative changes and lumbago (Ex. B2F, B8F, B13F, B23F); bilateral osteoarthritis of the knees and hips (Ex. B2F; B3F; B7F); history of carpal tunnel syndrome, status post release surgery in January 2013 (Ex. B8F; B21F); diabetes (Ex. b3F); asthma (Ex. B8F; sleep apnea (Ex. B18F); obesity and hyperlipidemia (Ex. B3F, B7F, B11F, B21F); anxiety and depression (Ex. B1F, B4F, B8F, B10F, B19F(20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can perform only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; can do frequent handling and fingering with the bilateral hands; may need a cane for prolonged ambulation; needs to avoid concentrated exposure to pulmonary irritants (i.e. fumes, odors, dust, gases, poorly ventilated areas, and chemicals), and hazards (i.e. operational control of dangerous machinery, unprotected heights, slippery uneven moving surfaces). Mentally, the claimant cannot understand, remember, or carry out detailed or complex job instructions, but can perform simple, repetitive tasks on a sustained basis (meaning eight hours a day, 5 days a week, or an equivalent work schedule); no sudden or unpredictable workplace changes; cannot perform tasks requiring intense focused attention for prolonged periods; needs work at a flexible pace (where the employee is allowed some independence in determining either the timing of different work activities, or pace of work); only casual superficial interactions with others, including supervisors, coworkers, and the general public and only occasional interactions with the general public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on September 18, 1975 and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 30, 2012, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 23- 39).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on September 12, 2017. On October 2, 2017, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162

n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff claims an extensive laundry list of ailments, but she seeks remand or reversal on one issue. Plaintiff claims that the ALJ erred in not incorporating limiting effects related to the cervical spine and edema impairments into the RFC finding. The Commissioner, however, argues that Plaintiff has failed to demonstrate that the record supported any actual limitations related to these conditions.

It is well established that the determinative issue in disability adjudication is the functional impact of a condition; a mere diagnosis or examination note does not establish the severity of an impairment. *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (the issue "is not the existence of these various conditions . . . but their severity and, concretely, whether . . . they have caused her such severe pain that she cannot work full time"); *Johnson v. Colvin*, No. 2:13-CV-138-PRC, 2014 WL 4722529, at *4 (N.D. Ind. Sept. 22, 2014) ("The mere diagnosis of an impairment does not establish that the impairment affects the individual's ability to perform basic work activities.") (citations omitted). Accordingly, "an impairment or combination of impairments is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). And the RFC, in turn, is the most an individual can do despite the actual limitations caused by her physical and mental impairments. 20 C.F.R. § 404.1545(a).

The claimant bears the burden of providing evidence establishing both that she has an impairment that is severe under the regulations and the degree to which her impairments limit her RFC. 20 C.F.R. §§ 404.1512(a), 1545(a)(3); *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000),

as amended (Dec. 13, 2000). However, nowhere in the record or testimony does Plaintiff allege or mention neck pain or difficulty with her cervical spine. Further, no treating source made any indication or finding regarding the cervical spine other than Dr. Jan on the range of motion checklist. Though Dr. Jan may have noted some reduction in cervical motion, he did not mention those findings in his comprehensive report or consider them significant enough to identify them as a diagnosable impairment or condition (Tr. 522-27). The Commissioner pointed out these deficiencies in his response brief, yet Plaintiff failed to file a reply, indicating that Plaintiff acknowledges that she has not met her evidentiary burden.

Likewise, Plaintiff did not allege any issue with edema. In fact, it was Plaintiff's attorney who mentioned edema at the ALJ hearing, when he asked about a streak on Plaintiff's face from her CPAP strap (Tr. 96-97). Plaintiff testified that the mark was from her CPAP strap; that she experiences swelling; she takes a water pill once a day; and that she urinates frequently because she drinks a lot of water because she gets dry mouth from her medications. *Id*. There are a few notes in the record concerning lack of edema (Tr. 495, 676, 678, 686, 688, 695, 764-66, 787), treatment for mild swelling/edema (Tr. 437, 447-50 (bi-level edema that resolves in evening), 809-10 (Weight down 10 pounds…so maybe [medication] not needed; try PRN if needed), 811 (stop Aldactazide…try PRN if needs to resume)), yet Plaintiff fails to identify any record evidence establishing that these conditions actually imposed functional limitations. It is not enough to simply infer, as Plaintiff does in her brief , that the conditions must have imposed limitations. In fact, doing so is entirely improper. *See* 20 C.F.R. § 404.1520b ("After we review all of the evidence relevant to your claim . . . , we make findings about what the evidence shows."); *Carradine*, 360 F.3d at 754 (the issue "is not the existence of these various conditions .

6

. . but their severity and, concretely, whether . . . they have caused her such severe pain that she cannot work full time").

In the present case, the ALJ's decision contains an extensive discussion of the lengthy medical record, which included, as the ALJ recognized, numerous distinct medical conditions (see Tr. 23-38). In synthesizing this lengthy medical record, the ALJ noted several references to the lack of, or mild, edema on exam in several medical records (Tr. 23-38, 391-96, 435, 497, 522-26, 610, 800-11), but he did not discuss the condition in more detail. Clearly, Plaintiff has not demonstrated that there was evidence establishing that her edema, which was treated with medication as needed, or that her cervical spine, which was never alleged or required any treatment, significantly limited her ability to do basic work activities. Thus, this Court agrees with the Commissioner that Plaintiff has not demonstrated that either condition was a severe impairment or that either required any specific limitations in the RFC. *See* 20 C.F.R. §§ 404.1521(a) 404.1545(a). It is well established that the ALJ "need not provide a 'complete written evaluation of every piece of testimony and evidence.'" *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995)).

Plaintiff has also failed to identify any evidence of functional limitations arising from any limitation in the cervical spine or from edema. The only mention of the cervical spine was in the range of motion chart completed by consultative examination by Dr. Jan (Tr. 522-26). The ALJ thoroughly discussed Dr. Jan's exam findings that assessed lumbago, depression, anxiety, asthma, and carpal tunnel syndrome and assigned his opinion great weight as it was consistent with the exam findings and lack of treatment following carpal tunnel release surgery (Tr. 32, 522-26). Further, the ALJ referred to Dr. Jan's note regarding Plaintiff self-reported difficulties.

While she reported difficulties with walking, sitting, standing, and lifting heavy objects, with limitations in range of motion muscle weakness, and a self-obtained cane (she admitted that she did not use the cane regularly); Dr. Jan noted that she had normal posture, normal heel/toe walking, normal tandem walking with the cane, no edema in the extremities, no gross motor deficits, and, she was not in distress. *Id*. The ALJ also noted that Dr. Jan, in a supplemental statement, clarified that no cane was used for gait testing, and that while her grip strength was decreased, her gross and fine motor skills were within normal limits (Tr. 527).

Additionally, the ALJ discussed in detail each of Plaintiff's alleged physical and mental impairments, and repeatedly referred to Plaintiff's related conditions (Tr. 30-38). For example, the ALJ referred to Plaintiff's alleged physical impairments that included "a history of morbid obesity and related conditions including hyperlipidemia, diabetes, and asthma, that affect and exacerbate her other conditions" (Tr. 30). The ALJ also noted that Plaintiff has sleep apnea related to her obesity. *Id.*

As noted above, the RFC is the most an individual can do despite her limitations. 20 C.F.R. § 404.1545. The RFC assessment is an administrative finding, not a medical opinion. Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *5 (S.S.A.). The determination of an individual's RFC need not be based on a specific medical opinion because it is a determination reserved to the ALJ as fact-finder for the Commissioner. 20 C.F.R. § 404.1527(d)(2); *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (providing that an "ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians" in making her RFC determination).

In the present case, the ALJ considered the totality of the medical, testimonial, and

opinion evidence (Tr. 23-38). The ALJ determined that despite Plaintiff's history of multiple conditions, she had the RFC to perform a range of work at the sedentary exertional level during the relevant period (Tr. 27-38). The ALJ assessed numerous other postural, manipulative, and environmental limitations (Tr. 27-38).

The ALJ went through the record and discussed Plaintiff's complaints, exams, treatments and findings by treating sources (Tr. 23-38). He discussed her history of morbid obesity, hyperlipidema, asthma, sleep apnea, rhinitis, diabetes, hyperglycemia, hypothyroid, GERD, history of carpal tunnel syndrome, osteoarthritis, back pain, knee pain, chest pain, depression and anxiety. *Id*. Further, the ALJ discussed all of the opinions in the record including the State Agency medical experts at the initial and reconsideration levels. *Id*.

Against the backdrop of this extensive decision, Plaintiff invites the court to infer limitations that are not supported by medical evidence, and substitute its judgment as to the severity and limiting effects of Plaintiff's ailments, for that of the ALJ's. As the Court is not permitted to do this, the Court will affirm the ALJ's decision.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: January 11, 2018.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court